| | |
|---|---|
| 1 | DHAIVAT H. SHAH (S.B. # 196382) |
| | O'MELVENY & MYERS LLP |
| 2 | 2765 Sand Hill Road |
| | Menlo Park, California  94025 |
| 3 | Telephone:  (650) 473-2600 |
| | Facsimile:   (650) 473-2601 |
| 4 | E-Mail:       dshah@omm.com |

Attorneys for Defendants VaST SYSTEMS TECHNOLOGY CORPORATION; ALAIN LABAT; KYLE PARK; MDV VII, L.P.; and SEVENTH MDV PARTNERS L.L.C.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| RYUICHI HIRAIDE | Case No.  C08-04714 RMW (PVT) |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO REQUIRE PLAINTIFF TO FURNISH SECURITY FOR COSTS** |
| v. | |
| VaST SYSTEMS TECHNOLOGY CORPORATION; ALAIN LABAT and KYLE PARK; MDV VII, L.P., as Nominee for MDV VII, L.P., MDV VII LEADERS FUND, L.P., MDV ENTREPRENEURS NETWORK FUND VII (A) L.P., and MDV ENTREPRENEURS NETWORK FUND VII (B) L.P., MDV PARTNERS L.L.C.; and SEVENTH MDV PARTNERS L.L.C. | Date:        May 8, 2009<br>Time:        9:00 a.m.<br>Judge:      Hon. Ronald M. Whyte<br>Courtroom: 6, 4th Floor |
| Defendants. | |

MOTION TO REQUIRE PLAINTIFF TO
FURNISH SECURITY FOR COSTS
CASE NO. C08-04714 RMW (PVT)

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION FOR SECURITY FOR COSTS ................................... 1

ISSUES TO BE DECIDED ................................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 2

    I.    INTRODUCTION ................................................................................................ 2

    II.    SECURITY IS APPROPRIATE IN THIS CASE ..................................................... 3

        A.    Hiraide Is A Foreign Plaintiff ........................................................................... 4

        B.    There Is A Reasonable Possibility That Defendants Will Obtain A Judgment In This Action .................................................................................... 4

            1.    Plaintiff's Contractual Claims Are Defeated By The Express Terms Of The Contract ...................................................................... 4

            2.    Plaintiff's Claims For Fraud And Breach Of Fiduciary Duty Cannot Succeed ........................................................................................ 5

            3.    There Is A Reasonable Possibility That Defendants Will Defeat Plaintiff's Claims Regarding The December 2008 Meeting ................................................................................................... 6

            4.    There Is A Reasonable Possibility That MDV Will Prevail On The Claims Against It ................................................................... 7

    III.    SECURITY IN THE AMOUNT OF $150,000 SHOULD BE AWARDED .......... 8

    IV.    CONCLUSION ........................................................................................................ 8

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Asia Inv. Co. v. Borowski*,
   133 Cal. App. 3d 832 (1982) ............................................................................................. 7

*Dryden v. Tri-Valley Growers*,
   65 Cal. App. 3d 990 (1997) ............................................................................................... 7

*Furia v. Helm*,
   111 Cal. App. 4th 945 (2003) ......................................................................................... 5, 6

*Greenbelt Coop. Publ'g Ass'n, Inc. v. Bresler*,
   90 S. Ct. 1537 (1970) ......................................................................................................... 7

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (2003) ..................................................................................................... 7

*Orlando v. Carolina Cas. Ins. Co.*, No. CIV F 07-0092 AWI SMS,
   2007 U.S. Dist. LEXIS 22672 (E.D. Cal. Mar. 13, 2007) ................................................. 5

*Simulnet East Assocs. v. Ramada Hotel Operating Co.*,
   37 F.3d 573 (9th Cir. 1994) ............................................................................................... 3

**STATUTES**

Cal. Civ. Proc. Code § 1030(b)-(c) .............................................................................................. 3, 4

**RULES**

Civil L.R. 65.1-1 ................................................................................................................... 1, 2, 3

Fed. R. Civ. P. 54(d) ....................................................................................................................... 8

**NOTICE OF MOTION AND MOTION FOR SECURITY FOR COSTS**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 8, 2009, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Ronald M. Whyte, United States District Court, 280 South First Street, Courtroom 6, 4th Floor, San Jose, California, defendants VaST Systems Technology, Alain Labat, Kyle Park, MDV VII, L.P. and Seventh MDV Partners L.L.C. will and hereby do move the Court to require plaintiff to furnish security for costs in the amount of $150,000. Defendants bring this motion pursuant to Rule 65.1-1 of the Local Rules of the United States District Court for the Northern District of California on the ground that plaintiff is a foreign plaintiff and that there is a reasonable possibility that defendants will prevail in this action.

This motion is based on this Notice of Motion, Motion and Supporting Memorandum of Points and Authorities, the record in this matter, oral argument, and such other matters as may be presented in connection with the hearing on this motion.

**ISSUES TO BE DECIDED**

1. Is plaintiff a California resident?
2. Is there a reasonable possibility that defendants will prevail in this action?
3. What amount of security for costs should plaintiff be required to furnish?

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiff Ryuichi Hiraide, a resident of Japan, filed this action out of pique that on June 27, 2007, stockholders holding a majority of the outstanding shares of VaST Systems Technology Corporation ("VaST") lawfully amended an investor rights agreement to eliminate contractual information rights held by plaintiff and all other VaST shareholders that owned less than 1,000,000 shares.

Defendants respectfully move, pursuant to Local Rule 65.1-1, that plaintiff be ordered to furnish security for costs in the amount of $150,000. There is good cause to require such security because plaintiff is not a California resident and because there is a reasonable possibility that defendants will prevail in this action. As is detailed further below, defendants estimate that they will incur approximately $31,850 in recoverable costs through trial. Furthermore, the relevant contract provides that the prevailing party in this action is entitled to its attorney's fees. Defendants have already incurred over $80,000 in attorney's fees. They reasonably estimate that they will incur over $1.4 million in additional attorney's fees if required to litigate this action through trial. Thus, given defendants' potential exposure, the requested security of $150,000 is measured and reasonable.

Defendants filed a motion to dismiss each and every claim in plaintiff's First Amended Complaint for Damages, Declaratory and Injunctive Relief ("Amended Complaint" or "Am. Compl.") on March 12, 2009. Because the Amended Complaint falls far short of satisfying the governing pleading standards and does not state a claim, defendants respectfully submit that their motion be granted. In the event that this Court permits this action to continue beyond this motion to dismiss, however, there is good cause to require plaintiff to furnish security for costs.

Not only is there a reasonable possibility that defendants will prevail in this action, but this action is motivated by improper purposes completely unrelated to plaintiff's interests as a shareholder. Unlike other minority shareholders, plaintiff is uniquely situated because he controls Gaia Systems Solutions, Inc. ("Gaia"), a Japanese company that has a commercial relationship with VaST for the distribution of VaST's products in Asia. The confidential information plaintiff

1  seeks, purportedly in his capacity as a shareholder, could be used by Gaia to harm VaST's
2  business and gain commercial advantage over VaST. Indeed, the improper purpose behind
3  plaintiff's requests dominated correspondence between the parties before plaintiff filed this suit.
4  For instance, in a July 2, 2008, letter, VaST's counsel wrote: "The Company has serious
5  concerns that the sole purpose of Mr. Hiraide's request is to harm the Company, aid its
6  competitors, and serve the interests of GAIA System Solutions, Inc. to the detriment of the
7  Company." Declaration of Dhaivat H. Shah In Support Of Motion To Require Plaintiff To
8  Furnish Security For Costs ("Shah Decl.") ¶ 2, Ex. A.

9  Defendants are being forced to defend a frivolous action brought for improper purposes
10 and motivated by a desire to cause VaST commercial harm. Plaintiff can prosecute this action
11 with impunity, knowing that he and his assets are outside of the reach of this Court and therefore
12 he may never be required to reimburse defendants for the potentially significant attorney's fees
13 and costs they will incur in this case. At a minimum, the requested security will help ensure that
14 defendants recover a portion of the attorney's fees and costs to which they are entitled under
15 contract and by law.

16 **II.  SECURITY IS APPROPRIATE IN THIS CASE**

17 Local Rule 65.1-1 provides that "[u]pon demand of any party, where authorized by law
18 and for good cause shown, the Court may require any party to furnish security for costs which can
19 be awarded against such party in an amount and on such terms as the Court deems appropriate."
20 L.R. 65.1-1. Federal courts normally follow the forum state's practice with regard to security for
21 costs, especially where there is a non-resident plaintiff involved. *Simulnet East Assocs. v.*
22 *Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994).

23 Section 1030 of the California Code of Civil Procedure provides that where the plaintiff
24 resides out-of-state and there is a "reasonable possibility" that a defendant will obtain judgment in
25 the action, the Court "shall order" the plaintiff to furnish security for costs. Cal. Civ. Proc. Code
26 § 1030(b)-(c). As is further described below, Mr. Hiraide resides in Japan and there is a
27 reasonable possibility that defendants will obtain judgment in this action. Therefore, there is
28 good cause to require plaintiff to furnish security for costs.

- 3 -  MOTION TO REQUIRE PLAINTIFF TO FURNISH SECURITY FOR COSTS
CASE NO. C08-04714 RMW (PVT)

### A. **Hiraide Is A Foreign Plaintiff**

The Amended Complaint alleges that Mr. Hiraide is a citizen of Japan. Am. Compl. ¶ 1. Therefore, this prong of Section 1030 has been satisfied.

### B. **There Is A Reasonable Possibility That Defendants Will Obtain A Judgment In This Action**

The pleading defects of the Amended Complaint are incurable and mandate dismissal of this action without further leave to amend. If, however, this Court permits this action to go beyond the pleading stage, the congenital defects in plaintiff's theories of liability will pose an insurmountable obstacle to plaintiff succeeding in this case. Thus, defendants have at least a "reasonable possibility" of prevailing in this action.

#### 1. **Plaintiff's Contractual Claims Are Defeated By The Express Terms Of The Contract**

Plaintiff's claims that VaST breached the Fourth Amended Investor Rights Agreement ("Fourth Amended IRA") by refusing to release confidential documents and information to plaintiff fails because the express provisions of the Fourth Amended IRA state that only "major investors," i.e., those holding over 1,000,000 shares of VaST stock, are entitled to the documents and information requested. Request For Judicial Notice, filed March 12, 2009 ("RJN"), Ex. B. Plaintiff owns less than 400,000 shares of stock. Am. Compl. ¶¶ 70, 142, 151. He is therefore not entitled to any information or documents under the contract.

There is no merit to the Amended Complaint's assertion that the amendment of the investor rights agreement to limit information to major investors was improper. Section 5.6 of the Third Amended Investor Rights Agreement ("Third Amended IRA") states that "[a]ny term of this Agreement may be amended and *the observance of any term . . . may be waived (. . . either retroactively or prospectively)* . . . [by] written consent" of persons holding a majority of VaST's shares. RJN, Ex. A (emphasis added). Section 5.6 further states: "The Investors . . . *acknowledge* that by operation of Section 5.6, the holders of at least a majority of the [shares] then outstanding, when acting together with the Company, *will have the right and power to diminish or eliminate any rights* . . . under this Agreement." RJN, Ex. A (emphasis added).

- 4 -  MOTION TO REQUIRE PLAINTIFF TO FURNISH SECURITY FOR COSTS
CASE NO. C08-04714 RMW (PVT)

Plaintiff himself signed the Third Amended IRA. Thus, plaintiff acknowledged that his contractual information rights were subject to limitation at any time and that they could be retroactively waived by persons holding a majority of VaST's outstanding shares. Under the plain terms of the contract, plaintiff's claim for breach of contract cannot succeed.

### 2. Plaintiff's Claims For Fraud And Breach Of Fiduciary Duty Cannot Succeed

Because the express language of the contract plainly forecloses plaintiff's attempt to get specific performance from VaST, the Amended Complaint also attempts to transform this dispute into a claim for monetary damages against Messrs. Labat and Park for alleged fraud and breach of fiduciary duty. The Amended Complaint asserts that Messrs Labat and Park should have warned plaintiff that persons holding a majority of VaST's shares were amending the contract to eliminate plaintiff's contractual rights and that they fraudulently concealed this information.

As a preliminary matter, the allegations of the Amended Complaint give scant details to support plaintiff's serious charges of fraud and breach of duty against two prominent Silicon Valley executives. For the reasons stated in defendants' motion to dismiss, these allegations fall far short of the requisite pleading standards and must be dismissed. Given that plaintiff has already amended his complaint once before, it appears that plaintiff is unable to cure these defects.

But there are two equally serious problems that no amount of re-pleading could ever cure. A plaintiff cannot recover for fraud or breach of fiduciary duty unless he or she has suffered actual damages. *Orlando v. Carolina Cas. Ins. Co.*, No. CIV F 07-0092 AWI SMS, 2007 U.S. Dist. LEXIS 22672, at *24 (E.D. Cal. Mar. 13, 2007) (holding that actual damages are required for fraud claim); *Furia v. Helm*, 111 Cal. App. 4th 945, 957 (2003) (holding that actual damages are required for claim for breach of fiduciary duty). Plaintiff has not and could not have suffered any damages as a result of a failure to receive VaST's confidential information.

Moreover, even if plaintiff had suffered an economic harm, his claim would still fail because of a lack of detrimental reliance or proximate causation. These are required elements for claims of fraud and breach of fiduciary duty. *Orlando*, 2007 U.S. Dist. LEXIS 22672, at *24

1 (stating that detrimental reliance is a required element of fraud claim); *Furia*, 111 Cal. App. 4th at 957-58 (holding that causation is a required element for breach of fiduciary duty claim). For plaintiff to establish either of these elements, he would have to show that absent some act or omission by Messrs. Labat or Park, plaintiff would have averted the economic harm he purportedly suffered from loss of his informational rights. It is undisputed, however, that plaintiff did not have the votes to prevent persons holding a majority of VaST's outstanding shares from amending the investor rights agreement. Therefore, even if Messrs. Labat and Park had told plaintiff that VaST's shareholders were going to lawfully amend the contract, there is nothing plaintiff could have done to prevent it.

Plaintiff's contention that he has been defrauded is fundamentally implausible and is far removed from any recognizable fraud scenario. Plaintiff does not contend defendants persuaded him to part with his money under false pretenses or, indeed, that Messrs. Labat or Park obtained any financial benefit as a result of the events at issue. All that Messrs. Labat and Park did was honor the will of VaST's shareholders in the lawful amendment of a contract that caused no economic harm to plaintiff and that plaintiff could not have prevented even if he had full knowledge that it would occur.

### 3. There Is A Reasonable Possibility That Defendants Will Defeat Plaintiff's Claims Regarding The December 2008 Meeting

The Amended Complaint alleges that Mr. Labat had a December 2008 meeting with representatives of Toyotsu Electronics ("TTE") in which Mr. Labat allegedly slandered plaintiff and interfered with plaintiff's contractual relations and prospective economic advantage. There is a reasonable possibility that defendants will prevail against these claims.

First, assuming that plaintiff could amend his complaint to satisfy the pleading standards for slander, which for the reasons stated in defendants' motion to dismiss the Amended Complaint does not, plaintiff's slander claim would still fail. Plaintiff's claim is premised solely on the allegation that Mr. Labat stated that plaintiff was "crazy." But no reasonable person would construe that language as a statement of fact regarding plaintiff's mental condition. Rather, it is the kind of "rhetorical hyperbole" or a "vigorous epithet[]" that is nonactionable opinion.

1    *Greenbelt Coop. Publ'g Ass'n, Inc. v. Bresler*, 90 S. Ct. 1537, 1542 (1970).

2    Second, plaintiff's claim for interference with contractual relations cannot succeed
3    because plaintiff does not allege that TTE breached a contract with plaintiff as a result of Mr.
4    Labat's interference. Absent the breach of a contract, Mr. Labat cannot be liable for inducing a
5    breach of contract. *See Dryden v. Tri-Valley Growers*, 65 Cal. App. 3d 990, 995 (1997).

6    Third, plaintiff's claim for interference with prospective economic relations fails because
7    such a claim requires conduct that is independently wrongful in some manner other than the act of
8    interference itself. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1158-59
9    (2003). In other words, Mr. Labat's meeting with TTE could not give rise to liability for
10   interference with prospective economic relations unless Mr. Labat committed some tort
11   independent of the act of meeting itself. Moreover, the Amended Complaint does not even
12   attempt to allege that as a result of Mr. Labat's meeting, plaintiff's prospective economic
13   relationship with TTE was disrupted, a required element of the claim. *Asia Inv. Co. v. Borowski*,
14   133 Cal. App. 3d 832, 840-41 (1982).

**4. There Is A Reasonable Possibility That MDV Will Prevail On The Claims Against It**

17   MDV is a non-majority investor in VaST that owes no duty to plaintiff. It has been sued
18   simply because it was one of the many investors that signed written consents to amend the
19   investor rights agreement. Plaintiff's claim that MDV interfered with his contractual relations
20   with VaST is without merit. First, for the reasons stated above, VaST did not breach a contract
21   with plaintiff. This forecloses an interference claim. *See Dryden v. Tri-Valley Growers*, 65 Cal.
22   App. 3d 990, 995 (1997) (holding that there can be no claim for interference with contractual
23   relations absent an actual breach of contract). Second, the Amended Complaint is devoid of any
24   allegations showing that MDV performed any acts to interfere with the contract. Third, because
25   MDV is itself a party to the investor rights agreement, it cannot be liable for inducing its breach.
26   *Id.* at 999. MDV was entitled to vote its shares in its interest and is not subject to tort liability
27   because another shareholder does not agree with how MDV cast its votes. Therefore, there is a
28   reasonable possibility that MDV will prevail.

### III. SECURITY IN THE AMOUNT OF $150,000 SHOULD BE AWARDED

Defendants are entitled to both costs and attorney's fees should they prevail in this litigation. Rule 54(d) of the Federal Rules of Civil Procedure authorizes costs of suit to the prevailing party. The Fourth Amended IRA upon which plaintiff is suing for breach of contract and declaratory relief expressly grants attorney's fees to the prevailing party in any litigation arising from the contract. *See* RJN, Ex. B.

As detailed in the attached declaration, defendants estimate that costs through trial will be $31,850. Shah Decl. ¶ 14. Defendants have incurred over $80,000 in attorney's fees to date. *Id*. ¶ 9. They reasonably estimate $1,413,395 in additional attorney's fees if this matter continues through trial. Thus, total attorney's fees through trial are expected to be $1,493,395. It is unclear how much of these fees will ultimately be allocable to plaintiff's contractual claims but defendants note that three of plaintiff's six claims (breach of contract, breach of covenant of good faith and fair dealing, and declaratory relief) will certainly be deemed to arise from the contract.

Rather than asking the Court to make an allocation determination at this stage of the case, defendants have taken a measured and conservative approach. The requested amount of $150,000 accounts for the total estimated costs of $31,850, plus less than 10% of the total estimated attorney's fees of $1,493,395. Defendants reserve the right to seek further security at a later stage of the case upon a properly noticed motion. But the amount of $150,000 will give defendants some basic protection and assurance that they will receive at least a portion of their costs and that plaintiff cannot use his foreign status to escape paying a fee award. If the Court concludes that some amount less than $150,000 is more appropriate, defendants respectfully request that it require some security in an amount that it deems proper.

///
///
///
///
///
///

## IV. CONCLUSION

For the reasons stated above, defendants respectfully request that plaintiff be ordered to furnish security for costs in the amount of $150,000, or such lesser amount deemed appropriate by the Court.

Dated:  April 3, 2009                              O'MELVENY MYERS LLP

By:   /s/ Dhaivat H. Shah
         DHAIVAT H. SHAH

Attorneys for Defendants VaST SYSTEMS TECHNOLOGY CORPORATION; ALAIN LABAT; KYLE PARK; MDV VII, L.P.; and SEVENTH MDV PARTNERS L.L.C.

MP1:1175123.2