Gilmur R. Murray (SBN 111856)
gmurray@murrayhowardlaw.com
Derek G. Howard (SBN 118082)
dhoward@murrayhowardlaw.com
**MURRAY & HOWARD, LLP**
900 Larkspur Landing Circle, Suite 103
Larkspur, CA 94939
Telephone:    (415) 461-3200
Facsimile:    (415) 461-3208

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# (SAN JOSE DIVISION)

| | |
|---|---|
| RYUICHI HIRAIDE,<br><br>         Plaintiff,<br><br>    v.<br><br>VAST SYSTEMS TECHNOLOGY CORPORATION, ALAIN LABAT and KYLE PARK, MDV VII, L.P. as nominee for: MDV VII, L.P., MDV VII Leaders Fund, L.P., MDV Entrepreneurs Network Fund VII (A) LP. And MDV Entrepreneurs, Network Fund VII (B) L.P., MDV Partners L.L.C. and Seventh MDV Partners L.L.C.<br><br>         Defendant. | No. C 08-cv-04714 RMW<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO REQUIRE PLAINTIFF TO FURNISH SECURITY FOR COSTS**<br><br>Date:    May 8, 2009<br>Time:    9:00 a.m.<br>Judge:   Hon. Ronald M. Whyte<br>Courtroom: 6, 4th Floor |

MURRAY & HOWARD, LLP
900 Larkspur Landing Circle
Suite 103
Larkspur, CA 94939
(415) 461-3200
(415) 461-3209

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO REQUIRE PLAINTIFF TO FURNISH SECURITY FOR COSTS**

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

This motion, brought by all of the Defendants, is procedural in nature and is guided by Northern District Local Federal Rule 65.1-1(a). As a procedural motion, this Court's decision is not as Defendants imply, governed by California state law or its specific statute concerning security where actions are brought by out of state parties. Rather, there is no specific Federal Rule of Civil Procedure relating to security for costs. In this Northern District, the guidepost is Local Rule 65.1-1(a). This is a reciprocal rule. A motion for security may be brought by "any party," and an order requiring the posting of security may only issue for "good cause shown." The Court may exercise its discretion in determining whether a security is appropriate.[1]

In light of the Northern District's Local Rule, the Court should deny the Defendants' motion. This is because the only conceivable basis for an attorney fee award would be for VaST to achieve a recovery under Section 5.13 "Attorney's Fees" of the Third Amended IRA[2] (Shah Decl. ¶12) and the Amended Complaint makes clear that VaST is in breach. And as to this motion on behalf of all Defendants, this contractual provision does not even apply to all of the Defendants or all of the claims at issue. A motion brought on behalf of all Defendants is thus improper. In conjunction with this, Counsel's declaration about the projected cost of litigation is a projection on behalf of all Defendants on all claims and should not be accepted as reliable or even sufficiently specific to justify a bond requirement.

---

[1] Local Rule 65.1-1. Security.
   **(a) When Required.** Upon demand of any party, where authorized by law and for good cause shown, the Court may require any party to furnish security for costs which can be awarded against such party in an amount and on such terms as the Court deems appropriate.

[2] Section 5.13 reads as follows:
   5.13   Attorney's Fees.  If any action at law or in equity (including arbitration) is necessary to enforce or interpret the terms of any this agreement, the prevailing party shall be entitled to reasonable attorney's fees, costs and necessary disbursements in addition to any other relief to which such party may be entitled.

**MURRAY & HOWARD, LLP**
900 Larkspur Landing Circle
Suite 103
Larkspur, CA 94939
(415) 461-3200
(415) 461-3209

1
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO REQUIRE PLAINTIFF TO FURNISH SECURITY FOR COSTS**

On the merits, at this juncture, the Court must accept as true the facts that are alleged, including that there has been a breach of contract . Amended Complaint ¶¶ 184-188.  VaST itself does not dispute that it failed to comply with the terms of the contract—at least until it attempted to unilaterally amend the terms of that contract in June 2007.  For this reason, if any party could demand a bond perhaps it should be the Plaintiff.

But even moving past the point that a breach of contract is not at issue, there are additional reasons why the Court should use its discretion to deny the motion: (1) the Defendants have not shown they will prevail on whether their unilateral "amendment"  has any legal effect; (2) there is no need for a security given the ongoing relationship between the parties and that this case is the opposite of a frivolous "one-off" lawsuit brought by an out-of-state resident; (3) VaST took in hundreds of thousands of dollars of Plaintiff's funds at the time of Plaintiff's initial investment in 2005, and (4) Defendants' projection of a potential $1.4 million fee bill through trial is not just overblown but not particularized in a fashion so as to apply to the contract claims and thereby allow a realistic and fair calculation of a fee award.

In the end, this request for security undercuts the Defendants' pending motion to dismiss.  The request for security highlights that this is a factually complex matter, and by the movants' concessions, appears likely go to trial.

In considering the tone of the motion it appears that it is VaST's intention to argue that the expense of the case is substantial, that the Plaintiff is motivated by questionable and "improper" considerations, and perhaps, that a foreign Plaintiff should have to "pay" in order to even get past the pleading stage.  This does not move the case forward.  As to the Complaint about the cost, it was VaST's choice to retain one of the country's most expensive firms with hourly rates as high as $330 an hour for a paralegal.  This may be the budget that VaST has approved for O'Melveny & Myers

MURRAY & HOWARD, LLP
900 Larkspur Landing Circle
Suite 103
Larkspur, CA 94939
(415) 461-3200
(415) 461-3209

2
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO REQUIRE PLAINTIFF TO FURNISH SECURITY FOR COSTS**

LLP, but it is a stretch to suggest that at this point the Plaintiff should be compelled to post a security in this amount after filing a complaint.

Reading between the lines, the ultimate goal here for VaST appears to be to "up the ante" by trying to force the Plaintiff to post a security. Plaintiff respectfully suggests that rather than burden the parties and the Court with motions like this, VaST focus instead on attempting to resolve the matter either through the ADR process using a private mediator (agreed to on April 17th) or through more efficient, and less costly means to get the merits resolved.

## II.     THERE IS NO GOOD CAUSE FOR THE COURT TO ORDER SECURITY IN THIS CASE

### A.     Local Rule 65.1-1(a) Is a Procedural Rule Which Is Reciprocal and Is Not Limited to Requiring Bonds By Out of State Residents. This District Court Is Not Required to Follow California Law.

Local Rule 65.1-1(a) has *not* adapted a policy to enforce the requirement of California law (Code of Civil Procedure §1030) nor made any pronouncement or policy statement that it "normally" will follow California law. Rather, in contrast to California state law which allows for requiring an out of state resident to post security and imposes a "reasonable probability" standard under Code of Civil Procedure §1030, the Northern District Local Rule is different. Local Rule 65.1-1(a) allows for posting of security by any party only "where authorized by law and for good cause shown…" The discretionary nature of the Local Rule is illustrated by the express language that the Court *may* require any party to post security costs which can be awarded against such party…" (emphasis added) Any order to post security is thus discretionary in nature.

Clearly, this is a different standard that the Defendants urge the Court to adopt using California precedent, and the Defendants are wrong in arguing that this Court is bound by state law decisions. And, as a procedural matter, because this is a federal action and the underlying motion is

MURRAY & HOWARD, LLP
900 Larkspur Landing Circle
Suite 103
Larkspur, CA 94939
(415) 461-3200
(415) 461-3209

3
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO REQUIRE PLAINTIFF TO FURNISH SECURITY FOR COSTS**

a procedural motion, California law, including Code of Civil Procedure §1030, does not apply.

*Trophy Productions v. Sperling*, (S.D. Cal. 1955) 17 F.R.D. 416, 418.[3]

### B. Under the Facts of This Case, With VaST Having Taken Plaintiff's Money and a Long-Term Relationship, There Is No Good Cause Which Would Justify the Imposition of a Bond.

Presumably, any party moving for posting of an undertaking does so in order to ensure that at the end of a case, and a legitimate concern that there will be no assets that will lead to recovery of attorney's fees. This is not an issue here. First, the Plaintiff is a minority shareholder in VaST and made an investment in the hundreds of thousands. Presumably, VaST contends that this stock still has substantial value. If VaST now is claiming that the stock has no or little value—something that VaST refuses to disclose to Plaintiff--then this serves to verify Plaintiff's claims of damages. Regardless of how VaST postures the issue according to which motion it is arguing, VaST has made no showing that this stock is, in and of itself, insufficient security for any award of attorney's fees. Until VaST does so, there is no reason for the Court to issue an order requiring security.

Second, as VaST well understands, the Company is engaged in a business relationship with the Plaintiff's company in which Plaintiff's company, Gaia System Solutions, Inc. ("Gaia"), sells millions of dollars in VaST products and receives commission payments from VaST. Unlike the reported cases which involved out-of-state Plaintiffs that initiate "frivolous" personal injury actions

---

[3] Defendants cite *Simulnet East Associates v. Ramada Hotel Operating Co.*, 37 F.3d 573 (9th Cir. 1994) for the proposition that this Court should follow California Law. Motion at 3. There is no such requirement. In that case, the Ninth Circuit held that the Nevada District Court had abused its discretion by requiring a posting of $500,000 cost bond five days prior to the commencement of trial. The Ninth Circuit clarified the standard for posting a security in a federal action: "There is no specific provision in the Federal Rules of Civil Procedure relating to security for costs."

The Ninth Circuit did explain that "typically, federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs…" However, in that case, the Nevada District Court had not adopted a local rule as this Northern District has done, and instead the Nevada Court had a policy of enforcing the requirements of the Nevada Statue in diversity actions. *Id.* at 574. The *Simulnet* District Court's policy is in contrast to the Northern District which has adopted its own rule, Local Rule 65.1-1(a).

MURRAY & HOWARD, LLP
900 Larkspur Landing Circle
Suite 103
Larkspur, CA 94939
(415) 461-3200
(415) 461-3209

4
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO REQUIRE PLAINTIFF TO FURNISH SECURITY FOR COSTS**

with no apparent recourse for a defendant,[4] there is no such showing of a lack of recourse, much less any legitimate concern that Mr. Hiraide would somehow be unable or unwilling to satisfy any award of attorney's fees. VaST well understands that, given Plaintiff's relationship with VaST for these many years, there is no basis to conclude that VaST has no recourse.

**C.    On the Merits There Is No Good Cause to Justify the Posting of a Bond.**

VaST concludes that at the pleading stage it has demonstrated that it is "reasonably likely" to prevail. This is both the wrong standard and hyperbole. On the merits, the underlying motion conveniently ignores that VaST unquestionably failed to comply with express contract terms—something VaST does not and cannot dispute. But Defendants, nonetheless, argue that Defendants are going to win this case—based on an unconscionable clause buried in boilerplate and a unilateral amendment which was never given to the Plaintiff. Regardless of who ultimately prevails, what is evident is that at this stage the demand for a bond falls far short of the good cause requirement.

As Plaintiff explained his Memorandum of Points and Authorities in Opposition to the Motion to Dismiss, the facts before the Court are very straightforward—<u>undisputedly</u>, the Defendants failed to comply with the contract until June 2007. Defendants are attempting to deflect this by an affirmative defense of "waiver" of the breach—a fact intensive affirmative defense in and of itself. However, Defendants also failed to point out that the contract itself expressly prevents breaches from being waived. Under these facts alone, the Court should reject this request for security because the Defendants cannot even make a prima facie case of showing they will prevail.

---

[4] *Alshafie v. Lallande*, (App. 2 Dist. 2009) 89 Cal.Rptr.3d 788, 171 Cal.App.4th 421; *Yao v. Superior Court* (2002) 104 Cal.App.4th 327, 331, 127 Cal.Rptr.2d 912.

**MURRAY & HOWARD, LLP**
900 Larkspur Landing Circle
Suite 103
Larkspur, CA 94939
(415) 461-3200
(415) 461-3209

5
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO REQUIRE PLAINTIFF TO FURNISH SECURITY FOR COSTS**

### D. The Claim That VaST Will Defend $1.4 Million on Defending the One Provision That Gives Rise to a Claim for Attorney's Fees Is Not Even Reasonable.

The Defendants' motion—and the calculation that Defendants will spend $1.4 million dollars to defend this case—is both fatally non-specific and grossly overbroad. VaST admits that the only basis upon which there could be an entitlement of attorney's fees arises from Section 5.13 "Attorney's Fees" of the Third Amended IRA. Shah Decl. ¶12. Again this fee-shifting provision does not apply to all of the Defendants nor does it apply to all of the claims. Section 5.13 of the Third Amended IRA states that "[i]f any action at law or in equity (including arbitration) is necessary to enforce or interpret the terms of any of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees, costs and necessary disbursements…"

Section 5.13 is the only basis for an award of fees, and any notion that VaST will expend $1.4 million on this case in our view reflects "overlawyering" a case. And a the Shah Declaration makes clear, the Defendants have made no effort to apportion out what aspect of their defense costs pertain to the contractual claims alone. (Memo at 8)(admitting that the $150,000 request is a ballpark figure and not based on anything other than counsel's estimates.)

### E. The Only Basis for Attorney's Fees Is Contractually Based, and the Defendant May Not Demand the Posting of Security for Other Non-Contractual Claims.

Defendants make no showing that there is any basis to recover any fees other than the claims that trigger Section 5.13. All of the arguments concerning VaST's belief that it will prevail on breaches of fiduciary duty by officers and MDV, slander and interference claims are irrelevant to any claim of entitlement of recovery of attorney's fees. Moreover, there is no showing that even if the Court orders sections of the Complaint to be amended this means that VaST has prevailed or is entitled to attorneys fees.

**MURRAY & HOWARD, LLP**
900 Larkspur Landing Circle
Suite 103
Larkspur, CA 94939
(415) 461-3200
(415) 461-3209

6
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO REQUIRE PLAINTIFF TO FURNISH SECURITY FOR COSTS**

### F. The Supporting Declaration Claiming That Defendants Will Spend $1.4 Million Dollars Defending the Contractual Claims Is Spurious.

As a starting point, there is no federal (or even California) authority requiring any plaintiff to file an undertaking in an amount that would fully compensate the defendants for all costs and charges incurred by the defendants. *Shell Oil Co. v. Superior Court*, (1935) 5 Cal.App.2d 480, 42 P.2d 1049.  In the supporting declaration from Mr. Shah, he states that "Defendants have incurred attorney's fees of over $80,000 in defending this action."  Shah Decl., ¶9.  There has been no statement as to how much of the attorney's fees expended pertain to the contract claims as opposed to other claims which Defendants assert they are reasonably likely to prevail upon.  The same is true of Mr. Shah's "estimate" that Defendants will spend a total of $1,413, 395 in fees through trial.  Nor has there been any showing that the fees being charged are at reasonable rates.   And, of course, any number of events may occur which would significantly reduce the cost of the litigation or even bring it to an end through settlement.  While this estimate of $1.4 million in attorney's fees and costs sounds astronomical to the Plaintiff, the point is that whatever fees VaST may have convinced itself it can recover, in seeking a security any request should have been apportioned to the parties potentially entitled to recover fees and the contractual claims covered by Section 5.13 in the Third Amended IRA.

MURRAY & HOWARD, LLP
900 Larkspur Landing Circle
Suite 103
Larkspur, CA 94939
(415) 461-3200
(415) 461-3209

7
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO REQUIRE PLAINTIFF TO FURNISH SECURITY FOR COSTS**

IV. <u>CONCLUSION</u>

For the foregoing reasons the Court should deny the Defendants' Motion to Require Plaintiff to Furnish Security for Costs.

Dated:   April 17, 2009          **MURRAY & HOWARD, LLP**


By:   */s/ Derek G. Howard*
Derek G. Howard (SBN 118082)
Gilmur R. Murray (SBN 111856)
**MURRAY & HOWARD, LLP**
900 Larkspur Landing Circle, Suite 103
Larkspur, CA 94939
Telephone:   (415) 461-3200
Facsimile:   (415) 461-3208

*Attorneys for Plaintiff*

MURRAY & HOWARD, LLP
900 Larkspur Landing Circle
Suite 103
Larkspur, CA 94939
(415) 461-3200
(415) 461-3209

8
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO REQUIRE PLAINTIFF TO FURNISH SECURITY FOR COSTS**

# CERTIFICATE OF SERVICE

Re: *Hiraide v. VaST Systems Technology Corporation et al.*
Case No. 08-04714 RMW

I, Amanda L. Arnall, certify and declare under penalty of perjury that I: am a citizen of the United States and employed in the County of Alameda, State of California, am over eighteen (18) years of age and my business address is Murray & Howard, LLP, 900 Larkspur Landing Circle, Suite 103, Larkspur, CA 94939, whose members are members of the State Bar of California. I am not a party to or interested in the cause entitled upon the document to which this Certificate of Service is affixed; and that I served a true and correct copy of the following document(s) in the manner indicated below:

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO REQUIRE PLAINTIFF TO FURNISH SECURITY FOR COSTS**

__XX__  **By USDC ECF:** by USDC Live System-Document Filing System on all interested parties registered for e-filing.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on April 17, 2009 at Larkspur, California.

/s/ Amanda L. Arnall
Amanda L. Arnall

MURRAY & HOWARD, LLP
900 Larkspur Landing Circle
Suite 103
Larkspur, CA 94939
(415) 461-3200
(415) 461-3209

CERTIFICATE OF SERVICE