1  DHAIVAT H. SHAH (S.B. # 196382)
   O'MELVENY & MYERS LLP
2  2765 Sand Hill Road
   Menlo Park, CA  94025
3  Telephone:   (650) 473-2600
   Facsimile:    (650) 473-2601
4  E-mail        dshah@omm.com

5  Attorneys for Defendants  VaST SYSTEMS
   TECHNOLOGY CORPORATION; ALAIN
6  LABAT; KYLE PARK; MDV VII, L.P.; and
   SEVENTH MDV PARTNERS L.L.C.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| RYUICHI HIRADE,<br><br>                    Plaintiff,<br><br>     v.<br><br>VaST SYSTEMS TECHNOLOGY CORPORATION; ALAIN LABAT and KYLE PARK; MDV VII, L.P., as Nominee for MDV VII, L.P., MDV VII LEADERS FUND, L.P., MDV ENTREPRENEURS NETWORK FUND VII (A) L.P., and MDV ENTREPRENEURS NETWORK FUND VII (B) L.P., MDV PARTNERS L.L.C.; and SEVENTH MDV PARTNERS L.L.C.<br><br>                    Defendants. | Case No.  C08-04714 RMW (PVT)<br><br>**REPLY IN SUPPORT OF MOTION TO REQUIRE PLAINTIFF TO FURNISH SECURITY FOR COSTS**<br><br>Date: May 8, 2009<br>Time: 9:00 a.m.<br>Judge: Hon. Ronald M. Whyte<br>Courtroom: 6, 4th Floor |

## I.   INTRODUCTION

Defendants respectfully request, pursuant to Local Rule 65.1-1, that plaintiff be required to furnish security for costs in the amount of $150,000. As shown in Defendants' Motion to Furnish Security For Costs ("Motion"), it is appropriate to require plaintiff to furnish security because plaintiff does not reside in California and because defendants have a reasonable possibility of succeeding on the merits.

Under California Code of Civil Procedure § 1030, a foreign plaintiff should be required to furnish security for costs if there is a "reasonable possibility" defendants will prevail on the merits. The Motion shows why that is the case here. Plaintiff's Memorandum in Opposition ("Opposition Brief or Opp. Br.") attacks this request in a number of ways.

First, the Opposition Brief argues that the Court's authority to require security is found in Local Rule 65.1-1, not California Code of Civil Procedure § 1030. That is undoubtedly true. But Local Rule 65.1-1, like similar local rules in many jurisdictions, is entirely silent on how this Court should exercise its discretion. This is why federal courts have traditionally looked to the law of the forum state for guidance, in this case California Code of Civil Procedure § 1030.

Second, the Opposition Brief argues that plaintiff owns shares of VaST that can serve as security. But plaintiff offers no mechanism under which defendants may readily collect against his shares after the Court issues a costs and fee award.

Third, it argues that only VaST may obtain security and only for plaintiff's contractual claims. This is not correct. Although the attorney's fees that VaST will be entitled to from any of plaintiff's claims arising from the contract will be the largest component of a costs and fee award, defendants are also entitled to recover their costs for all of the claims asserted against them under Rule 54(d) of the Federal Rules of Civil Procedure.

Fourth, it argues that defendants do not have a reasonable possibility of prevailing on the merits. For all of the reasons stated in the Motion, as well as the in Defendants' Motion to Dismiss, these arguments are without merit.

Fifth, the Opposition Brief argues that the requested security of $150,000 is unreasonable. To the contrary, the requested security reflects only a portion of the expected costs and fee award

- 2 -

REPLY ISO MOTION TO REQ. PLAINTIFF TO FURNISH SECURITY FOR COSTS

in this case. Defendants respectfully request that this Court provide them protection so that they can be certain to receive at least a portion of their costs and fees in the event that the plaintiff chooses not to comply with a costs and fee award issued by this Court after judgment is entered.

## II. CALIFORNIA CODE OF CIVIL PROCEDURE § 1030 GUIDES THIS COURT'S DISCRETION

Local Rule 65.1-1 authorizes this Court to order plaintiff to furnish security for costs. This local rule, like similar local rules of federal courts around the country, is silent on what standards the Court should apply to evaluate whether it should require security from a foreign plaintiff. It is for this reason that "[t]ypically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved." *Simulnet East Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994) (quoting 10 Charles Alan Wright & Arthur R, Miller, *Federal Practice and Procedure* § 2671 (3d ed. 1998)).

Thus, it is appropriate for this Court to look to Section 1030 of the California Code of Civil Procedure for guidance on how it should exercise its discretion. Under this section, courts "shall" require a foreign plaintiff to furnish security for costs where there is a "reasonable possibility" that the defendants will defeat the plaintiff's claims. Cal. Civ. Proc. Code § 1030(b)-(c).

The Opposition Brief attempts to escape the relevant standard by arguing that this Court should not look to California law for guidance. Opp. Br. 3:14-4:2. It cites to *Trophy Productions, Inc. v. Sperling*, 17 F.R.D. 416, 419-20 (S.D. Cal. 1955), where a district court concluded that it could not require a foreign plaintiff to furnish security because such relief was not authorized by local rule or the Federal Rules of Civil Procedure. But as the Ninth Circuit has subsequently made clear, whether under local rule or their inherent powers, federal courts are authorized to require foreign plaintiffs to furnish security for costs and they should apply the law of the forum state to determine when security should be required. *Simulnet*, 37 F.3d at 574. Therefore, Section 1030 of the California Code of Civil Procedure provides the appropriate standard that should be applied in this Motion.

### III. PLANTIFF HAS NOT IDENTIFIED ANY ALTERNATIVE MEANS OF PROTECTION OF DEFENDANTS' INTERESTS ABSENT A BOND

This Motion is the only means by which defendants can obtain some level of assurance that if they prevail in this action plaintiff will repay at least a portion of any costs and fee award. Prior to filing this Motion, defendants wrote to plaintiff to ask that he identify any property in California that could be used to satisfy a costs and fee award. Declaration of Dhaivat H. Shah In Support Of Defendants' Motion To Require Plaintiff To Furnish Security For Costs, filed April 3, 2009, ¶7 & Ex. B. Plaintiff did not respond. Plaintiff likewise failed to identify any California property in his Opposition Brief.

The Opposition Brief contends that plaintiff's shares of VaST could serve as security. Opp. Br. 4:8-16. But the Opposition Brief is silent on how defendants could readily recover against those shares to satisfy a costs and fee award. Absent any property that is subject to the jurisdiction of this Court, requiring plaintiff to furnish security is the only means of protecting defendants' legitimate interest in recovering their costs.

### IV. DEFENDANTS HAVE A REASONABLE POSSIBILITY OF PREVAILING IN THIS SUIT

For the reasons stated in Defendants' Motion to Dismiss, Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss, and Defendant's Motion to Furnish Security for Cost, defendants have a "reasonable possibility" of prevailing in this action. Therefore, plaintiff should be required to furnish security for costs.

### V. ALL OF THE DEFENDANTS ARE ENTITLED TO REQUEST SECURITY FOR COSTS ARISING FROM EACH OF PLAINTIFF'S CLAIMS

It is undisputed that VaST is entitled to its attorneys fees if it is the prevailing party on any claims arising from the contract. Rule 54(d) of the Federal Rules of Civil Procedure also entitles all of the defendants to recover their costs from defending against all of the claims brought by Plaintiff. Therefore, the Opposition Brief's assertion that the Motion should only have been brought on behalf of VaST and only in connection with plaintiff's contractual claims is without merit.

## VI. SECURITY IN THE AMOUNT OF $150,000 IS MEASURED AND REASONABLE

The Motion seeks security in the amount of $150,000 and is supported by a detailed estimate of counsel for all fees and costs arising through trial. This sum reflects a conservative estimate of the exposure that defendants face and is calculated to strike a balance between defendants' need for protection and plaintiff's right of access to the courts.

The Opposition Brief argues that the estimates provided in the supporting declaration of defendants' counsel are "spurious," but offers no analysis of why defendants' counsel's good faith estimates are unreasonable. Opp. Br. 7:1-2. In fact, defendants respectfully submit that the supporting declaration contains an in-depth and thorough look at likely attorney's fees and costs through trial.

The Opposition Brief argues that defendants retained "one of the country's most expensive firms," and makes unsupported statements that it believes the case is being "overlawyer[ed]." Opp. Br. 2:27, 6:14. It is not for plaintiff to dictate what kind of firm defendants choose to retain, especially in light of the serious accusations plaintiff has made against VaST's management in public filings.

The Opposition Brief also faults defendants for failing to show how fees and costs should be allocated between the contractual and non-contractual claims. Notably, plaintiff does not do so either. Defendants note that at least three of plaintiff's six claims (breach of contract, breach of implied covenant of good faith and fair dealing, and declaratory relief) are certainly subject to the fee-shifting provisions of the contract. The prevailing party in this action may ultimately argue that some of the other claims also arise from the interpretation of the contract. Rather than require a ruling on allocation at this juncture, defendants asked for a modest allocation that no one could reasonably argue with. Specifically, of the $150,000 requested, $31,850 reflect the portion to be allocated to costs. The remaining portion of the requested security, $118,150, reflects approximately 8% of the estimated $1,493,395 in legal fees defendants expect to spend through trial. If plaintiff considers 8% to be overreaching, it is clear that no allocation will satisfy him.

Plaintiff may quibble with the total estimate provided in defendants' counsel's declaration. But defendants have only asked for a small portion of their estimated fees. Given

REPLY ISO MOTION TO REQ. PLAINTIFF TO FURNISH SECURITY FOR COSTS

their potential exposure, defendants respectfully submit that plaintiff should be required to furnish the measured and reasonable security they have requested. In the event that the Court concludes that a smaller security is appropriate, defendants urge this Court to provide some amount of security so that they can be assured of recovering a portion of their fees and costs should they prevail in this action.

**VII. CONCLUSION**

For the reasons stated above, defendants respectfully request that plaintiff be ordered to furnish security for costs in the amount of $150,000, or such lesser amount deemed appropriate by the Court.

Dated: April 24, 2009

DHAIVAT H. SHAH
O'MELVENY & MYERS LLP


By:   /s/ Dhaivat H. Shah
      Dhaivat H. Shah
Attorneys for Defendants
VaST SYSTEMS TECHNOLOGY CORPORATION; ALAIN LABAT; KYLE PARK; MDV VII, L.P.; and SEVENTH MDV PARTNERS L.L.C.

MP1:1176115.1

REPLY ISO MOTION TO REQ. PLAINTIFF TO FURNISH SECURITY FOR COSTS